THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD S. WHITE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 15, 1976, convicting him of robbery in the third degree, upon a plea of guilty, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, plea vacated and case remanded to Criminal Term for further proceedings consistent herewith. Under the circumstances of the instant case, where the defendant offered to plead guilty, on the eve of trial, to the highest count of the indictment (robbery in the first degree) in return for a favorable sentencing commitment, but it developed during the plea colloquy that the highest count of which he could properly be convicted was robbery in the third degree, Criminal Term acted promptly to safeguard the defendant's rights by reducing the plea accordingly, but, unfortunately, did not adequately inform defendant that the sentencing commitment made with respect to the reduced plea represented nothing less than the statutory maximum. Where, as here, unforeseen problems develop while taking a plea and the sentencing commitment is altered accordingly, it is particularly important that the defendant be fully apprised of the relevant facts lest he be innocently misled into believing that his plea continues to be prudent when the foregoing may no longer be true. A defendant may certainly waive his right to proceed to trial by pleading guilty to the full extent of his criminal liability in return for the maximum sentence, but he should only be suffered to do so with his eyes open (cf. *People v Serrano,* 15 NY2d 304). Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.