■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DA FORNO, Appellant.—Judgment, Supreme Court, Bronx County, rendered on March 28, 1978, convicting defendant on his plea of guilty of criminal solicitation in the first degree and sentencing him to an indeterminate term of from two to four years, is affirmed. We are again confronted with the nettlesome problem of whether the trial court abused its discretion in

denying the defendant's motion to withdraw his guilty plea. Under the circumstances found herein, there was no abuse of discretion (CPL 220.60, subd 3). By an indictment filed on March 7, 1977, defendant and one Ronald Mastrovincenzo were charged with conspiracy in the first degree, criminal solicitation in the first degree and tampering with a witness. After the selection of a jury and the opening statement by the prosecution, the trial court dismissed the conspiracy count. On the following day, defendant entered a plea of guilty to criminal solicitation in the first degree. In consideration of this plea defendant would be sentenced to time served, a pending assault indictment would not be covered, defendant would be released on $1,000 bail, and guilt of this offense would not be admitted into evidence at the subsequent assault trial. The following colloquy ensued between the defendant and the court: "THE COURT" Now has anyone made any promise to you, that is, your own attorney, the District Attorney, or anyone else as to what the sentence of this court will be in order to induce you to plead guilty? DEFENDANT: No. * * * THE COURT: Mr. Da Forno, the crime for which you were charged is a felony. If you plead guilty to this charge and it is found that within the last ten years, excluding any time you may have been in jail, you were sentenced on a prior conviction for a felony in this state or for any offense committed in another jurisdiction for which a sentence in excess of one year imprisonment was authorized irrespective of whether such a sentence was actually imposed in the other jurisdiction, that this court must by law sentence you to an indeterminate sentence of imprisonment which would carry a minimum term of two years and a maximum term of four years. DEFENDANT: Yes." Three months later, and prior to sentencing, defendant moved to withdraw the previously entered plea on the grounds that the plea conditions were misrepresented. At a subsequent hearing defendant's counsel, an experienced criminal law practitioner, testified that the "protracted" plea negotiations were conducted with the understanding that Da Forno would receive a sentence of time served. Defense counsel and the prosecutor were both aware that two of Da Forno's previous felony convictions were reversed. Neither attorney was cognizant that defendant was convicted of a felony in 1972. Defendant's testimony at this hearing is instructive as to his comprehension of the plea proceedings and knowledge of his predicate felon status. Da Forno testified that during the plea colloquoy he was conversing with counsel and unattentive since "it didn't concern [him]". Thereafter defendant, although professing no independent knowledge of the prior felony proceeding, identified, without prompting, counsel who represented him thereat. Moreover, the record of this prior proceeding clearly demonstrates that defendant voluntarily entered a plea to a felony, the terms of which were completely understood. Present counsel subsequently indicated that Da Forno selectively remembered those facts he deemed worthy. The court denied defendant's motion to withdraw his guilty plea finding: "At the time of the plea, *with the exception of the defendant,* all parties believed that the defendant did not have any prior felony convictions * * * Based upon the minutes of his prior 1972 felony conviction, the defendant is charged with actual knowledge of its existence." (Italics supplied.) This appeal presents one of the rare instances in which a hearing was required to afford defendant an opportunity to present his contentions on the voluntariness of his plea *(People v Tinsley,* 35 NY2d 926). In this court defendant argues that he was induced to plead guilty by both his attorney's and the prosecutor's representations that he would be sentenced to time served, and the sentence subsequently imposed was in direct contravention of this agreement; there-

fore, the conviction should be vacated and defendant permitted to withdraw his plea. The record before us, however, unequivocally refutes defendant's claim, accordingly, the challenge must fail and the plea accorded its deserved finality *(People v Frederick,* 45 NY2d 520). The facts presented demonstrate, in serene clarity, that the prosecutor and defense counsel, in good faith, believed Da Forno was not a predicate felon and conditioned the sentence on this fact. Noticeably absent from defendant's argument is a claim of unqualified acceptance of this agreement by the court, for indeed there was none. The Trial Judge specifically accepted the terms of this negotiated plea on the identical condition that existed between counsel, as the court must (CPL 390.20, subd 1). This term not having been fulfilled, the court correctly sentenced defendant as a predicate felon, as promised. Defendant, as the Trial Judge determined, was cognizant of his predicate felon status. He withheld, by design, this vital information thereby misleading all parties. The pleading court sustained its responsibility by affording defendant an adequate opportunity to present his claims. This hearing accomplished its avowed purpose to "squelch the faker and protect the truly misguided" *(People v Nixon,* 21 NY2d 338, 355). Nor can it be said that defendant's plea was baseless or improvident. The defendant, sophisticated in the criminal process, who has unilaterally misled the court, should not be permitted to now alter the result *(People v Selikoff,* 35 NY2d 227). The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). Concur—Birns, J. P., Silverman and Ross, JJ.

Markewich and Bloom, JJ., dissent in a memorandum by Markewich, J. as follows: The difficulty with the majority expression is that it completely ignores the human equation. Of course, the Trial Justice was technically correct in finding upon a completely legalistic interpretation that "upon the minutes of his prior 1972 felony conviction, the defendant is charged with actual knowledge of his conviction." But that is entirely beside the point. The operative factor was whether he believed, predicate felony or not, that the three lawyers who had carefully considered the matter with him knew what they were doing when they assured him that, after a reduced plea of guilty to criminal solicitation, first degree, in satisfaction of the indictment, he would be sentenced to time served, with further assurances of other benefits. Despite the fact that he had received the traditional solemn *pro forma* warning as to the consequences of being adjudged a predicate felon, he was entitled to rely on the advice of three trained professionals—an Acting Supreme Court Justice, an Assistant District Attorney, and his assigned counsel—that the offer of sentence made to him was capable of fulfillment. After all, his prior actual felony had resulted in a six-month sentence. But that was not to be; indeed, it cannot be because his record, being what it is, will not sustain a sentence of time served. While he may not receive the sentence he bargained for in these circumstances, he was entitled, by reason of being overborne by the three lawyers, to be placed in *statu quo ante,* i.e., to be relieved of his plea. The finding by the trial court is not realistic; implicit in it is a ruling that this defendant was possessed of knowledge, perspicacity, and intelligence in greater degree than that of the three lawyers. In our view, denial of his motion to be permitted to withdraw his plea constituted an abuse of discretion. The motion should be granted, the plea and sentence vacated, and the matter remanded for further proceedings.