## State of Vermont v. Douglas J. Hamlin

[468 A.2d 557]

No. 82-055

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed October 19, 1983

*Gordon C. Gebauer, Jr.,* Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, and *Nancy E. Kaufman,* Acting Appellate Defender, Montpelier, for Defendant-Appellant.

**Peck, J.** This is an appeal from a ruling of the District Court of Vermont, Unit No. 2, Chittenden Circuit, denying the defendant's motion to withdraw his plea of guilty to a charge of grand larceny.

The defendant claims the trial court erred in denying his motion. He contends that his guilty plea was not knowingly and voluntarily given because the State failed to disclose his complete criminal record during discovery. That failure is not in dispute, and in view of the particular facts of this case, we agree with defendant that the court below erred in denying his motion. Accordingly, we reverse.

On November 13, 1981, defendant was charged with grand larceny. 13 V.S.A. § 2501. The charge stemmed from the October 18, 1981, theft of $300 from a Winooski service station. At his arraignment on November 16, defendant pled not guilty. The court then ordered the State to disclose the material set forth in V.R.Cr.P. 16(a)(2) to defendant. Soon thereafter, the state's attorney also received a request for discovery from defendant's counsel.

Of particular interest to defendant was his criminal record, V.R.Cr.P. 16(a)(2)(F), because he was contemplating plea negotiations with the state's attorney. The criminal record disclosed by the State revealed only one prior conviction, a fish and game violation for spotting deer. At the deposition of the arresting officer in this case, defendant's counsel learned that defendant had also been convicted of disorderly conduct. Based on this information, defendant's counsel concluded that there were favorable prospects for a deferred sentence. 13 V.S.A. § 7041. Defendant agreed to plead guilty as charged. In return, the State promised to recommend a deferred sentence provided

this was also recommended at the sentencing hearing by the probation officer assigned to compile the defendant's presentence investigation report.

Defendant's change of plea was taken and a judgment of guilty was entered on December 18, 1981. Two weeks before the sentencing hearing, defendant's counsel was informed by the probation officer that she had discovered a prior conviction for driving under the influence of alcohol (DUI), heretofore unrevealed in the discovery supplied by the State. At the time of defendant's change of plea, his counsel had been unaware of the DUI conviction. Defendant himself was apparently under the mistaken belief that the DUI was not a criminal conviction, but instead more akin to a uniform traffic ticket, and had failed to bring the conviction to his counsel's attention.

In light of the changed circumstances, defendant moved to withdraw his plea of guilty. At the February 1, 1982, hearing on the motion the State conceded its failure to disclose defendant's complete criminal record. Nevertheless, defendant's motion to withdraw his guilty plea was denied. He then received a $100 fine and a sentence of 0 to 120 days, both suspended, in addition to 24 hours of community service.

■ Under V.R.Cr.P. 32(d), a presentence motion to withdraw a guilty plea may be granted "if the defendant shows any fair and just reason and that reason substantially outweighs any prejudice which would result to the state from the withdrawal of the plea." Implicit in the rule is a balancing between important State interests in expediting criminal proceedings and the harm suffered by the defendant in foregoing a trial on the merits. The weight given these factors in motions to withdraw guilty pleas under V.R.Cr.P. 32(d) is within the "sound discretion" of the court. *State* v. *Scelza,* 134 Vt. 385, 386, 359 A.2d 660 (1976). When such a motion is denied, the defendant must show that the court abused its discretion in order to warrant reversal. *Id.* In determining whether the court abused its discretion, it is the duty of this Court to inquire into the circumstances surrounding the taking of a guilty plea to ensure that it was knowingly and voluntarily given. *In re Raymond,* 137 Vt. 171, 180, 400 A.2d 1004, 1009 (1979).

■ A guilty plea is a solemn undertaking, *State* v. *Manning,* 141 Vt. 192, 199, 446 A.2d 775, 778 (1982); *Creaser* v.

*State,* 139 Vt. 315, 316, 427 A.2d 359, 360 (1981), and when knowingly and voluntarily made, will not be set aside lightly. *In re Baldwin,* 127 Vt. 473, 474, 252 A.2d 539, 540 (1969).

Inherent in all guilty pleas is the risk undertaken by the defendant after a careful appraisal of the State's case against him. Accordingly,

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady* v. *United States,* 397 U.S. 742, 757 (1970). Nevertheless, when a defendant pleads guilty, he relinquishes more than the chance to win an acquittal at trial, or the possible advantages of putting the State to its heavy burden of proof.

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment . . . Second is the right to trial by jury. . . . Third, is the right to confront one's accusers.

*Boykin* v. *Alabama,* 395 U.S. 238, 243 (1969). See also V.R.Cr.P. 11 (c) (4).

Because of the weighty issues involved, it is especially important that meaningful discovery be provided when a defendant is considering entering a plea of guilty. See Standard 11-1.1 (a) (ii), ABA Minimum Standards for Criminal Justice, Vol. II (2d ed. 1980). Indeed, it is difficult to conceive how an intelligent plea can be rendered without full knowledge of the information necessary to assess adequately the risks involved. The fact that a trial court is not bound by whatever plea agreement is reached between the State and the defendant creates uncertainty enough without also forcing the defendant to stumble blindly into the agreement itself.

Defendant did not allege, nor is there any evidence to the effect, that the State intentionally withheld information of the other two convictions. The omission appears to have been inadvertent. Yet, while the type of "gamesmanship" condemned by this Court in *State* v. *Connarn,* 138 Vt. 270, 272–73, 413 A.2d 812, 814 (1980), is not present here, the prejudicial effect is equally as great. It is not enough to say that since the defendant himself knew of the DUI conviction he should have so informed his counsel, and must be bound by his failure to do so. For example, in *People* v. *Nettles,* 30 N.Y.2d 841, 286 N.E.2d 467, 335 N.Y.S.2d 83 (1972), a plea of guilty to a narcotics possession charge was held to be involuntary when, at the time it was given, neither the judge nor the attorneys knew it would bring defendant within the habitual offender statute and defendant was not aware of the legal status or magnitude of his prior offenses. Absent some showing of deceit or other improper motive, we cannot say categorically that it is unreasonable for a person untrained in the law to confuse a DUI conviction with less serious motor vehicle violations, and thus believe it unnecessary to bring it to his attorney's attention when confronted with a felony charge.

In the case at bar there is no evidence of an improper motive or that defendant acted unreasonably in failing to inform his counsel of his DUI conviction. Moreover, we have held that "[w]hen an application is made to change the plea, all doubts should be resolved in favor of a trial on the merits." *In re Newton,* 125 Vt. 453, 457, 218 A.2d 394, 398 (1966). We conclude that under the circumstances his failure was reasonable.

Our decision here is not to be construed as holding that a defendant will always be excused from such neglect. Nor do we hold that any omission on the part of the State in responding to discovery will, per se, require a court to grant a motion to withdraw a guilty plea. Each case must be resolved on its own peculiar facts and circumstances. See, e.g., *People* v. *Da Forno,* 73 A.D.2d 893, 424 N.Y.S.2d 195 (1980), *aff'd,* 53 N.Y.2d 1006, 425 N.E.2d 864, 442 N.Y.S.2d 476 (1981) (defendant withheld information from court and attorneys intentionally); *State* v. *Bevins,* 140 Vt. 415, 417–18, 439 A.2d 271–72 (1981) (holding there was no prejudice to defendant when the State

failed to list a prior conviction, since counsel was aware of the offense, having defended him on the charge).

The DUI conviction omitted by the State in its response to discovery was an important factor in the instant case; it was given considerable weight by the probation office. At the withdrawal hearing, defendant's counsel referred to a conversation he had with the probation official. He stated on the record that the officer advised "[s]he couldn't in good conscience recommend a deferred sentence with that conviction, and she said it wasn't the only reason, but it played a large part in her decision." Counsel assured the court below that he would not have considered the plea agreement had he known of the conviction. The defendant was left "holding the bag," as it were, having entered into a plea agreement which, unknown to him, had little or no chance of success.

In balancing the disadvantage under which the defendant negotiated his plea against the likelihood of any prejudice to the State, V.R.Cr.P. 32(d), we hold that the trial court erred in denying defendant's motion. For that reason, we reverse.

*Conviction reversed, sentence vacated and cause remanded with leave granted appellant to withdraw his plea of guilty.*