■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RAMOS, Appellant. — Judgment, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered December 18, 1981 convicting defendant, on his plea of guilty, of the crimes of robbery in the first degree (Penal Law, § 160.15, subd 4) and sentencing him thereon to 4½ to 13½ years of imprisonment, is unanimously reversed, on the law, to the extent of vacating the sentence and remanding the matter to Trial Term for an evidentiary hearing to determine whether defendant should be permitted to withdraw his plea of guilty and reinstate his plea of not guilty to the indictment. On October 22, 1981, after the court had indicated that it would deny defendant's motion to suppress certain identification, the defendant as part of a plea bargain withdrew his motion to suppress identification and pleaded guilty to robbery in the first degree, a class B felony, to cover the indictment which included a charge of kidnapping in the first degree, a class A-I felony (Penal Law, § 135.25), with a promised sentence of 4½ to 13½ years. Apparently defendant had been incarcerated for approximately 2½ years (or perhaps 26 months, the record is not quite clear). When the defendant appeared for sentence on December 11, 1981, he sought to withdraw his plea of guilty for the reason that he said — and his attorney confirmed — that his attorney had stated that it was her understanding that there would be credited against the minimum sentence four months per year of "good time" (cf. Correction Law, § 803; Penal Law, § 70.30, subd 4) for the period he had already been incarcerated, so that on the 4½- to 13½-year sentence he would be eligible for parole in a year after the sentence; but it now appeared that in fact such "good time" would not be credited against the minimum and that it would thus be at least 22 more months before defendant could be considered for parole. The court deemed that not a sufficient basis for withdrawal of the plea, and accordingly denied the motion to withdraw the plea and sentenced the defendant without an evidentiary hearing. There is no claim that either the court or the District Attorney in any way misinformed the defendant. Yet, if, as defendant's attorney indicates, she advised defendant

that he would be entitled to this good-time credit against his minimum sentence, and that thus he would be available for parole in one year, and if in fact that advice was erroneous and was material to defendant's determination to enter his plea of guilty, and that without that advice and understanding, he would not have pleaded guilty, and defendant made his application to withdraw his plea before sentence, and there was no prejudice to the prosecution in permitting such withdrawal, we think it would be an abuse of discretion as a matter of law not to permit the withdrawal of such a plea made on the basis of his attorney's misadvice as to the significant, material and readily ascertainable fact as to the minimum period that defendant would have to serve in prison before he could be considered for parole. (See, e.g., *United States ex rel. Hill v Ternullo*, 510 F2d 844 [CA2d]; *Hunter v Fogg*, 616 F2d 55 [CA2d]; but cf. *People v Pusso*, 61 AD2d 1052.) Accordingly, we reverse the judgment and remand for an evidentiary hearing to determine whether defendant should be permitted to withdraw his plea, including the issues we refer to, and for further proceedings consequent upon such a determination. Whether it makes any sense from defendant's own point of view for him to seek to withdraw his plea and stand trial on an indictment which includes an A-I felony after he has been incarcerated apparently for over four years (before and after sentence) and is thus presumably either now eligible for parole consideration, or will be in the near future, is another matter. Concur — Kupferman, J. P., Sandler, Sullivan, Silverman and Bloom, JJ.