■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL CAMACHO, Appellant. — Judgment, Supreme Court, New York County (M. L. Williams, J.), rendered January 31, 1983, convicting defendant on his plea of guilty of robbery in the second degree, and sentencing him thereon as a juvenile offender to a term of imprisonment of 2⅓ to 7 years, is unanimously reversed and vacated, on the law, defendant is permitted to withdraw his plea of guilty and reinstate his plea of not guilty, and the case is remanded to the trial court for further proceedings. ¶ Defendant, involved in a gunpoint robbery of five people, pleaded guilty to the crimes of robbery in the second degree and criminal possession of a weapon in the third degree. At the time of the plea, and before the formal entry of the plea, the court stated to defendant that he was pleading guilty to a class C felony, "the maximum term of imprisonment you could receive is up to 15 years, you understand that Mr. Camacho?", to which defendant responded "yes." The court stated that it would

sentence defendant to a term of 3 to 9 years on the robbery, and asked defendant whether he understood that, and defendant said, "yes." At the time of the plea, everyone — except of course the defendant — assumed that defendant was over 18 years old (almost 19) at the time of the crime and that his date of birth was February 28, 1963. It is not clear where this information came from. The District Attorney says that was the date of birth according to NYSSID records. Defendant's attorney says that that was the date according to court records. ¶ At the time of sentence, however, defendant contended that his true date of birth was February 28, 1966, thus making him between 15 and 16 years old at the time of the crime, that he was therefore a juvenile offender so that the maximum permissible sentence on the robbery count would be 2⅓ to 7 years. (Penal Law, § 70.05, subd 2, par [d]; subd 3, par [c].) Accordingly defendant moved to withdraw his plea of guilty on the ground of "mutual mistake of fact." ¶ The court denied the motion to withdraw the plea, but found that defendant was in fact 15 years old at the time of the crime, and accordingly dismissed the charge of possession of a weapon for lack of jurisdiction and sentenced defendant on the robbery charge to the maximum permissible on this charge for a juvenile offender, i.e., 2⅓ to 7 years. ¶ The court should have allowed defendant to withdraw his plea of guilty. In the circumstances in which it was made, the plea did not represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." (North Carolina v Alford, 400 US 25, 31; see, also, People v Ramos, 99 AD2d 724.) ¶ The record shows that the Judge told defendant that the maximum possible sentence for the crime to which he was pleading guilty was 15 years; in fact had defendant's true age been known, the maximum was 2⅓ to 7 years. In these circumstances, it seems clear that defendant would not have pleaded guilty to a crime for which the court promised to sentence him to 3 to 9 years, and the court would not have promised him that sentence, but for the misapprehension as to the permissible range of sentence. Indeed, it is even unlikely that defendant would have agreed to a sentence of 2⅓ to 7 years, which was after all the most that could be imposed after trial. ¶ The District Attorney argues, however, that defendant's own lies caused the difficulty, and that he should not be relieved from the consequences of his lies. (People v Da Forno, 73 AD2d 893, affd 53 NY2d 1006.) We need not pass on that contention. The record does not demonstrate it. Nowhere in the record before the plea does defendant state his age. On the taking of his pedigree, after the acceptance of the plea, it is true that defendant is reported as having stated as his date of birth "2/28/60." It seems obvious that this was a reporter's abbreviated notation, and an erroneous one. A date of birth in 1960 would have made defendant almost 22 years old at the time of the crime; nobody thought that. We have no way of knowing whether on his pedigree defendant gave the year of his birth as 1960 or 1963. At the time of sentence the District Attorney stated that "the People are unable to disprove that age of this defendant being fifteen at the time of the crime." Further, unlike People v Da Forno (supra), there was no indication that the possible and promised sentences were dependent on the misapprehended fact. Concur — Sandler, J. P., Carro, Asch, Silverman and Fein, JJ.