■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY GOTTE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered June 9, 1983, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the plea is vacated, and the matter is remitted to the County Court, Nassau County, for further proceedings consistent herewith.

The defendant, who was 13 years old at the time of the crime, pleaded guilty as a juvenile offender to murder in the second degree in connection with the shooting death of his mother and was promised a sentence of nine years to life. Even though this was the maximum sentence which could have been imposed because of the defendant's age, the court stated at the plea allocution that on such a charge the defendant "could do 25 to life". Although the court later described the sentence which it had promised to impose as "the maximum sentence that I can give you under the law", it went on immediately to state that if the presentence report recommended a more severe sentence the defendant would be permitted to withdraw his plea, thus indicating the possibility of a longer sentence. Because of the misleading effect of these ambiguous statements regarding the possible extent of the punishment, the judgment must be reversed and the plea vacated (see, People v White, 64 AD2d 721; see also, People v Camacho, 102 AD2d 728; People v Moore, 78 AD2d 997; People v Mackley, 71 AD2d 1054). We therefore do not address the defendant's contentions concerning the effectiveness of counsel or the sentence. Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.