(May 24, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SOSA, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered September 7, 1988, convicting defendant on his plea of guilty of criminal possession of a controlled substance in the second degree, and sentencing him to an indeterminate term of imprisonment of three years to life, unanimously affirmed.

On January 3, 1986, defendant agreed to plead guilty to a single count of criminal possession of a controlled substance in the second degree, in full satisfaction of the indictment, and to cooperate with the authorities in ongoing narcotics investigations. The court told defendant that he faced the maximum term if he were rearrested or failed to appear, but that the court was not constrained to impose a five to life term, and that if the District Attorney were to recommend a sentence of less than three years to life, the court would follow the recommendation. Defendant was further advised that he could withdraw the plea if the court could not keep its promises.

Thirty-two months later defendant was sentenced. The court preliminarily noted that while defendant had initially provided meaningful cooperation in one important drug matter, he thereafter fled to Puerto Rico. The court then observed that defendant had been incarcerated in Minnesota as a result of a crime he committed while out on bail in this matter. After defendant was returned on warrant, the court released him pursuant to a request of the DEA, but later ordered his remand because he did not provide additional information. After dismissing the willingness of the third prosecutor in charge of the case to have defendant plead guilty to a "B" felony and receive a two to six year sentence, the court imposed a three to life term.

Defendant is not entitled to resentencing on the ground that the prosecutor had indicated her willingness to recommend a two to six year sentence. The plea arrangement was a three-way agreement. While the prosecutor who appeared at sentencing was not concerned with defendant's flight and subsequent failure to cooperate, the court could properly take these factors into account. The court was the final arbiter of the appropriateness of the sentence to be imposed. While the court's discretion was circumscribed by the rules that pertain where an accused cannot be returned to his pre-pleading status *(People v McConnell,* 49 NY2d 340), defendant had fair warning that the court reserved the right to weigh his failure to return at the time of sentence.

The agreement did not specifically set out what the court would do if defendant cooperated and then fled, but the agreement was not therefore confusing. The warning that defendant's rearrest or failure to return to court was initially a part of the plea agreement, and thus a consideration before defendant either cooperated or was arrested. *(People v Danny G.,* 61 NY2d 169, 173-174.)

Defendant's argument that the court did not have enough

information about defendant's other arrest and purported cooperation has no merit. Defendant was in the best position to make the facts known. *(Cf., People v Da Forno,* 73 AD2d 893, *affd* 53 NY2d 1006.) He could have told the court and the probation department about the other case, were he motivated. We do not find that defendant was promised a term of lifetime probation (Penal Law § 60.05 [2]; § 65.00) when he pleaded guilty. The plea arrangement left open the possibility that the prosecutor might recommend a sentence of less than five years to life, but by no means did the terms of the arrangement suggest that defendant was going to get probation, a matter that rested with the prosecutor *(People v Eason,* 40 NY2d 297, 302), even if he satisfied the terms of the bargain. Concur—Murphy, P. J., Carro, Kupferman, Asch and Rubin, JJ.