■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD E. LAURINO, Appellant. [613 NYS2d 206] —Appeal by the defendant, as limited by his motion, from (1) an amended sentence of the County Court, Suffolk County (Weissman, J.), imposed April 16, 1993, under Indictment No. 1538/87, the sentence being (a) an indeterminate term of imprisonment of 1⅓ to 4 years and a fine of $500 for the crime of driving while intoxicated as a felony (Vehicle and Traffic Law former § 1192 [5]), (b) an additional term of imprisonment of 100 days to be served in the event the $500 fine was not paid within a stated period of time, (c) an indeterminate term of imprisonment of 1

to 3 years and a $200 fine for the offense of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [former (a), (b)]), to run concurrently with the term of 1⅓ to 4 years imprisonment imposed for driving while intoxicated as a felony, (d) and an additional 40-day term of imprisonment in the event the $200 fine was not paid within a stated period of time, upon his plea of guilty, and (2) a sentence of the same court, also imposed April 16, 1993, under Indictment No. 1703/88, the sentence being an indeterminate term of imprisonment of 1⅓ to 4 years, upon his conviction of bail jumping in the second degree, upon his plea of guilty, to run consecutively with the term of 1⅓ to 4 years imprisonment imposed under Indictment No. 1538/87.

Ordered that the sentence imposed under Indictment No. 1538/87 is modified, on the law, by (1) vacating the indeterminate term of imprisonment of 1 to 3 years imposed upon the conviction for aggravated unlicensed operation of a motor vehicle in the third degree, and substituting therefor a determinate term of imprisonment of 15 days, (2) vacating the term of imprisonment of 100 days to be served in the event the defendant were to fail to pay the $500 fine imposed with respect to the offense of driving while intoxicated as a felony, and (3) vacating the term of imprisonment of 40 days to be served in the event the defendant were to fail to pay the $200 fine imposed with respect to the offense of aggravated unlicensed operation of a motor vehicle in the third degree; as so modified, the sentence imposed under Indictment No. 1538/87 is affirmed; and it is further,

Ordered that the sentence imposed under Indictment No. 1703/88 is affirmed.

The People concede that pursuant to Vehicle and Traffic Law § 511 (1) (former [b]), the prison term imposed with respect to the defendant's conviction for aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [former (a)]) could not exceed 15 days. The term of imprisonment imposed with respect to this count is modified accordingly.

The additional term of imprisonment of 100 days imposed conditionally with respect to the defendant's conviction of driving while intoxicated as a felony (Vehicle and Traffic Law [former § 1192 (5)]) and the additional term of imprisonment of 40 days imposed conditionally with respect to the defen-

dant's conviction of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [former (a)]) are illegal. Although the $500 fine and the $200 fine imposed by the court with respect to these two counts are authorized, the non-payment of these fines may not be punished by the imposition of an additional term of imprisonment, considering that the defendant has been sentenced to the maximum term of imprisonment under these two counts. CPL 420.10 (4) (d) states that "[w]here a sentence of imprisonment as well as a fine * * * is imposed, the aggregate of the period and the term of the sentence may not exceed the maximum authorized term of imprisonment". The additional 40-day and 100-day prison terms were therefore illegal *(see also, People v Baker,* 130 AD2d 582; *People v Neff,* 110 AD2d 721).

Contrary to the defendant's argument, the sentence imposed for the crime of bail jumping in the second degree (Penal Law § 215.56) under Indictment No. 1703/88 was properly made consecutive with respect to the sentences imposed under Indictment No. 1538/87 *(see,* Penal Law § 70.25 [2-c]). We also conclude that the interests of justice do not warrant further reduction of the sentences outlined above. The defendant drove while intoxicated after having previously been convicted of a similar offense, was originally offered leniency, and then violated the court's trust by fleeing and by remaining a fugitive for several years. No leniency is warranted at this point *(see, e.g., People v Schmarge,* 187 AD2d 739). Mangano, P. J., Bracken, Lawrence, Altman and Friedmann, JJ., concur.