■ The People of the State of New York, Respondent, v Alex McFadden, Appellant. [614 NYS2d 266] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Rotker, J.), imposed March 15, 1991, upon his conviction of murder in the second degree as a juvenile offender, upon his plea of guilty, the sentence being an indeterminate term of imprisonment of seven years to life and a $2 crime victim assistance fee.

Ordered, that the sentence is modified, on the law, by deleting the provision thereof directing the payment of the crime victim assistance fee.

Penal Law § 60.00 (2) provides that the "sole provision" of article 60 "that shall apply in the case of an offense committed by a juvenile offender is section 60.10 * * * and no other provisions of this article shall be deemed or construed to apply in any such case." Where statutory language is clear and unambiguous, a court is constrained to give effect to the plain meaning of the words used (see, People v Floyd J., 61 NY2d 895, 896). In this case the language of the statute clearly precludes the imposition of a crime victim assistance fee pursuant to Penal Law § 60.35 (1) where the defendant was sentenced as a juvenile offender. Mangano, P. J., Bracken, Lawrence, Altman and Friedmann, JJ., concur.

■ The People of the State of New York, Respondent, v Jose Morales, Appellant. [614 NYS2d 266] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered March 18, 1993, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.