# State of Vermont v. Jonathan Dove

[658 A.2d 936]

No. 93-441

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 24, 1995

*William D. Wright,* Bennington County State's Attorney, and *Marcia J. Moss,* Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*Peter F. Langrock* and *Kevin E. Brown* of *Langrock Sperry & Wool,* Middlebury, for Defendant-Appellant.

**Morse, J.** Defendant appeals from the denial of a motion to withdraw a nolo contendere plea after he received an eight- to fifteen-year sentence for the crime of careless and negligent driving with serious injury resulting. 23 V.S.A. § 1091(c). Defendant contends that because his sentence was statistically unprecedented, his plea was not knowing, voluntary, and intelligent, and his sentence violated the proportionality clause of Chapter II, § 39 of the Vermont Constitution. Defendant further contends that his sentence was based on his status as a drug addict and that the district court abused its discretion by considering his history of alcohol and drug addiction. We affirm.

Defendant was travelling west on Route 9 toward Bennington when he lost control of his car and struck an oncoming vehicle. Defendant and the five occupants of the other vehicle sustained injuries. Two of the occupants suffered back and spinal injuries which required surgery; one of those occupants is now permanently paralyzed from the waist down. The State charged defendant with violating 23 V.S.A. § 1201(a)(2) (driving while under the influence) and 23 V.S.A. § 1091(c) (careless and negligent driving with serious injury resulting).

After consulting his lawyer, defendant entered a plea of nolo contendere to the charge of careless and negligent driving with serious injury resulting. As part of that plea agreement, the State did not prosecute the charge of driving under the influence. The court

ordered a presentence investigation report and held a three-hour hearing, after which the court sentenced defendant to eight to fifteen years imprisonment. Defendant moved to withdraw his plea, and the court denied the motion.

■ Different standards are applied to plea withdrawal motions depending on whether they are made before or after sentencing. A motion made before sentencing is to be liberally granted "where the reason is fair and just and the prosecution has not relied on the plea to its substantial prejudice." Reporter's Notes, V.R.Cr.P. 32(d), at 151. When a motion to withdraw a nolo contendere plea is made after sentencing, however, "the court may set aside the judgment of conviction and permit withdrawal of the plea only to correct manifest injustice," a much stricter standard. V.R.Cr.P. 32(d); see *State v. Wisell*, 136 Vt. 541, 542, 394 A.2d 1144, 1144 (1978).

Defendant does not challenge the adequacy of the plea colloquy; rather, defendant contends that because his sentence was unprecedented, he could not adequately assess the risks involved in entering his plea. Therefore, he argues, his plea was not knowing, voluntary, and intelligent. V.R.Cr.P. 11(b)-(d); see *State v. Hamlin*, 143 Vt. 477, 481, 468 A.2d 557, 559 (1983) (intelligent plea requires "full knowledge of the information necessary to assess adequately the risks involved").

■ Even assuming the sentence was unprecedented, defendant, who was represented by counsel, should have known that 23 V.S.A. § 1091(c) authorizes a minimum sentence of one and a maximum sentence of fifteen years. See *State v. Bushway*, 146 Vt. 405, 408, 505 A.2d 660, 662 (1985) (not abuse of discretion to impose eighteen- to twenty-year sentence where sentence was within limits set by statute). Although defendant's trial lawyer later stated in an affidavit that he thought the chance of receiving the sentence imposed was "unappreciable" and that defendant entered the plea agreement "without even considering the possibility," defendant's lawyer had advised defendant regarding the range of potential sentences. While the sentence may have been the longest yet imposed, the severity of the sentence was foreseeable given defendant's criminal history and the severity of the victims' injuries. We will not set aside a plea after sentencing because a defendant or his lawyer "'misapprehended . . . the likely penalties attached to alternative courses of action.'" *Hamlin*, 143 Vt. at 481, 468 A.2d at 559 (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)).

■ Defendant's second argument is that the eight- to fifteen-year sentence violates the proportionality clause of Chapter II, § 39 of the Vermont Constitution. A penalty is not constitutionally excessive unless it is grossly disproportionate or out of all just proportion to the offense. *State v. Venman*, 151 Vt. 561, 571-72, 564 A.2d 574, 581 (1989). Defendant does not, nor can he, seriously challenge the Legislature's judgment in authorizing a one- to fifteen-year sentence for the crime of careless and negligent driving with serious injury resulting. See *Solem v. Helm*, 463 U.S. 277, 290 (1983) (substantial deference should be granted to legislatures to determine types and limits of criminal punishments), *overruled on other grounds by Harmelin v. Michigan*, 501 U.S. 957, 965 (1991).

■ The thrust of defendant's first and second arguments is that others convicted of the same crime, and others convicted of the crime of careless and negligent driving with death resulting, have been given lesser sentences. Defendant relied at the plea bargaining level upon the experience of his trial lawyer, who had never in his twenty-year career heard of such a serious sentence, and here upon that same experience and statistics compiled by the Vermont Center for Justice Research. We place little weight on the statistics offered by defendant. The statistics cover only the roughly four-year period from January 1, 1990 through September 30, 1993. During that period, only twenty-one cases of careless and negligent driving were disposed of, four resulting in serious injury and seventeen resulting in death. Further, the statistics merely list the sentences imposed in each case; they tell us nothing of the many other factors a court may consider in imposing a sentence. See *Bushway*, 146 Vt. at 407, 505 A.2d at 661 (court considers wide range of relevant information in fashioning sentence, including acts by which crime was committed and circumstances of the offense). This sample is simply too small and fails to take into account enough variables to compare sentences imposed for the two crimes, let alone to interpret our constitution.

We note, however, that were we to rely on the statistics, they show that only the minimum sentence of eight years to serve was unprecedented. The maximum sentence of fifteen years had been imposed in approximately one out of five cases recorded. A maximum fifteen-year sentence had been imposed in three of the seventeen offenses resulting in death, and in one of the four offenses resulting in serious injury. Of the straight sentences of incarceration, three out of ten were for the maximum fifteen-year sentence, and one imposed a minimum of five years. Consequently, in terms of maximum sen-

tences, defendant's sentence was neither unprecedented nor out of proportion to the sentences of other offenders.

██ Defendant also argues that the court sentenced him for his status as a drug addict or at least abused its discretion in considering his history of drug and alcohol addiction. Although a state may not make drug addiction a crime or punish someone solely because of their status as an addict, see *Robinson v. California*, 370 U.S. 660, 667 (1962) (invalidating imposition of sentence for addiction to narcotic drugs), a court may consider alcohol consumption when determining a sentence on a careless and negligent driving charge. 13 V.S.A. § 7030 (court shall consider nature and circumstances of crime). Defendant argues, however, that because the court considered his frequent and continued failure in alcohol and drug rehabilitation programs, the court sentenced him for his status as a drug addict. Defendant had a criminal history spanning two decades and four states. The record indicates that most if not all of defendant's participation in rehabilitation programs was mandated as a condition of either probation or parole. Defendant regularly violated these conditions, and past violations of probation and parole are proper considerations in determining a sentence. *Id.* (court shall consider history and character of defendant); see also *State v. Allen*, 145 Vt. 593, 598, 496 A.2d 168, 171 (1985) (finding that probation could not help offender with severe alcohol problem was effectively a practical finding that offender is in need of correctional treatment best provided by incarceration).

*Affirmed.*