■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. NORMAN, Appellant. [632 NYS2d 588] —Appeal by the defendant from an amended judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered October 6, 1994, revoking a sentence of conditional discharge previously imposed by the same court upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a controlled substance in the seventh degree.

Ordered that the amended judgment is reversed, as a matter of discretion in the interest of justice, the defendant's admission is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

During the proceedings leading to the defendant's admission to a violation of the terms of his conditional discharge, the court informed the defendant that if he was found to have violated those terms after a hearing it would impose the maximum sentence of one year along with a $1,000 fine. When the defendant indicated that he would be unable to pay the fine, the court informed the defendant that he would then be subject to an additional 180 days incarceration. Faced with this possibility, the defendant then indicated that he wanted to admit the violation and receive the one-year maximum sentence.

The court misinformed the defendant about the possible extent of punishment by informing him that he was subject to an additional 180 days of incarceration for failure to pay the fine (see, CPL 420.10 [4] [d]; People v Laurino, 205 AD2d 556). Because the court's statement had a misleading effect on the defendant's decision to admit the violation, his admission was not knowingly, intelligently, and voluntarily entered, and

should be vacated *(see, People v Gotte,* 125 AD2d 331; *People v Camacho,* 102 AD2d 728; *People v Moore,* 78 AD2d 997; *People v White,* 64 AD2d 721).

In light of our determination, we do not reach the defendant's remaining contentions. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.