■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HURD, Appellant. [631 NYS2d 871] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered January 6, 1994, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the defendant's plea of guilty is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The defendant was informed by the court during his plea allocution that the maximum sentence for robbery in the first degree is 25 years imprisonment. This statement was incorrect since, the defendant, as a juvenile offender, could not have received such a sentence (see, Penal Law § 70.05 [2] [c]). Although this issue is unpreserved for appellate review, because of the misleading effect of the court's statement, we reach it in the exercise of our interest of justice jurisdiction, reverse the judgment, and vacate the defendant's plea of guilty (see, People v Gotte, 125 AD2d 331; see also, People v Camacho, 102 AD2d 728).

In light of our determination, we do not reach the defendant's contention that the court should have inquired into whether the defendant had a defense to the crime to which he pleaded guilty (see generally, People v Lopez, 71 NY2d 662).

In order to avoid an error on remittitur, we note that the sentencing court erred by directing the defendant to pay a mandatory surcharge and a crime victim's assistance fee (see, Penal Law § 60.00 [2]; People v McFadden, 205 AD2d 560). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.