# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1236

KA 11-01631

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                   MEMORANDUM AND ORDER

JACOB STUMP, DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 28, 2011. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the DNA databank fee and sex offender registration fee and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him as a juvenile offender upon his guilty plea of rape in the first degree (Penal Law § 130.35 [1]), defendant contends that his bargained-for sentence of imprisonment of 3 to 9 years is unduly harsh and severe and that County Court erred in directing him to pay a DNA databank fee and a sex offender registration fee. Based on our review of the record, we conclude that there is no basis upon which to modify the sentence of imprisonment in the interest of justice (*see* CPL 470.15 [2] [c]), but we agree with defendant that the sentence should be vacated insofar as it directed him to pay those fees.

"Penal Law § 60.00 (2) provides that the 'sole provision' of article 60 'that shall apply in the case of an offense committed by a juvenile offender is section 60.10 . . . and no other provisions of this article shall be deemed or construed to apply in any such case.' Where statutory language is clear and unambiguous, a court is constrained to give effect to the plain meaning of the words used" (*People v McFadden*, 205 AD2d 560, 560; *see People v Hurd*, 220 AD2d 454, 454; William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 60.10). Section 60.10 (1) provides that a juvenile offender who is convicted of a crime may be sentenced to a term of imprisonment in accordance with section 70.05 or may be sentenced upon a youthful offender finding in accordance with section 60.02. Here, it is undisputed that there was no youthful offender

finding.  Section 60.10 (2) provides that subdivision 60.10 (1) applies when sentencing a juvenile offender "notwithstanding the provisions of any other law that deals with the authorized sentence for persons who are not juvenile offenders" other than when considering the use of a juvenile offender conviction as a predicate offense.  Although neither *Hurd* nor *McFadden* involved DNA databank or sex offender registration fees, the reasoning of those cases applies herein.  Section 60.10 (1) does not permit the imposition of any fines or fees on a juvenile offender and, because section 60.10 is the sole provision that applies to juvenile offenders, the court erred in imposing the DNA databank and sex offender registration fees.  We therefore modify the judgment accordingly.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court