People v Keller (2019 NY Slip Op 00620)





People v Keller


2019 NY Slip Op 00620


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-11029
 (Ind. No. 2826/15)

[*1]The People of the State of New York, respondent,
v
Samuel Keller, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Timothy R. McGrath of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered September 6, 2016, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
The defendant was charged with one count of criminal possession of a firearm and one count of criminal contempt in the second degree. During the plea proceeding, defense counsel stated that he had advised the defendant that he could face consecutive sentences if convicted at trial. Thereafter, the defendant pleaded guilty to criminal possession of a firearm, in full satisfaction of the indictment. He was sentenced, as a second felony offender, to an indeterminate term of imprisonment of 1½ to 3 years. At the time of the plea, the defendant had already served 11 months in prison. On appeal, the defendant contends that his plea of guilty was not voluntarily, knowingly, and intelligently made since he was misinformed about the maximum sentence to which he would be exposed if convicted.
The defendant's challenge to the voluntariness of his plea is properly before this Court even though the defendant did not seek to withdraw his plea before sentencing. "Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea on the same grounds subsequently alleged on appeal or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182). The Court of Appeals, however, has carved out an exception to the preservation doctrine "because of the actual or practical unavailability of either a motion to withdraw the plea' or a motion to vacate the judgment of conviction,'" in certain instances, reasoning that " a defendant can hardly be expected to move to withdraw his plea on a ground of which he has no knowledge'" (id. at 182, quoting People v Louree, 8 NY3d 541, 546; see People v Turner, 24 NY3d 254, 258). Moreover, the defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid appeal waiver [*2](see People v Seaberg, 74 NY2d 1, 10; People v Bennett, 122 AD3d 871, 872).
In order to be valid, a plea of guilty must be entered voluntarily, knowingly, and intelligently (see People v Mox, 20 NY3d 936, 936; People v Hill, 9 NY3d 189, 191; People v Rogers, 114 AD3d 707, 707). "A plea is voluntary if it represents a choice freely made by the defendant among legitimate alternatives" (People v Grant, 61 AD3d 177, 182; see People v Brown, 14 NY3d 113, 116).
Here, the defendant's plea was not made knowingly, voluntarily, and intelligently. The record demonstrates that the defendant was not presented with legitimate alternatives about the maximum sentence he faced in the event he chose to reject the People's plea offer and was convicted after trial. The offense of criminal possession of a firearm is a class E felony (see Penal Law § 265.01-b), and the longest sentence that a second felony offender could receive for this offense is an indeterminate term of imprisonment of 2 to 4 years (see Penal Law §§ 60.05[6]; 70.06). The offense of criminal contempt in the second degree is a class A misdemeanor (see Penal Law § 215.50), punishable by a definite sentence of imprisonment of up to one year (see Penal Law §§ 60.01[3][a]; 70.15[1]). Pursuant to Penal Law § 70.35, "service of an indeterminate sentence . . . shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate sentence" was imposed. Thus, if convicted of both counts at trial, the defendant's corresponding sentences would run concurrently, not consecutively (see Penal Law §§ 70.06, 70.15[1]; 70.35; People v Leabo, 84 NY2d 952). On this record, given the difference between the incorrect maximum aggregate sentence of 3 to 5 years that defense counsel communicated to the defendant, the actual maximum aggregate sentence of 2 to 4 years, and the bargained-for sentence of 1½ to 3 years, the threat of a higher sentence rendered the defendant's plea involuntary (see People v Johnson, 160 AD3d 516, 518; People v Sung Min, 249 AD2d 130, 132; People v Christian, 139 AD2d 896, 897; cf. People v Palma, 305 AD2d 333, 334). Therefore, the plea should be vacated (see People v Norman, 220 AD2d 537, 537; People v Hurd, 220 AD2d 454, 454).
In light of the foregoing, we need not reach the defendant's remaining contentions.
Accordingly, the judgment must be reversed, the plea of guilty vacated, and the matter remitted to the Supreme Court, Queens County, for further proceedings.
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court