People v Works (2019 NY Slip Op 02247)





People v Works


2019 NY Slip Op 02247


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1356 KA 16-01772

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALONTE WORKS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered August 22, 2016. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is modified on the law by vacating the surcharge, DNA databank fee, and crime victim assistance fee and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him as a juvenile offender upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). As defendant contends and the People correctly concede, we conclude that the surcharge, DNA databank fee, and crime victim assistance fee imposed by County Court must be vacated because defendant is a juvenile offender (see Penal Law
§§ 60.00 [2]; 60.10; People v Sanchez, 165 AD3d 1623, 1624 [4th Dept 2018]; People v Stump, 100 AD3d 1457, 1458 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]). We therefore modify the judgment accordingly.
Contrary to defendant's further contention, however, we conclude that he validly waived his right to appeal (see People v Miller, 161 AD3d 1579, 1579 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]; People v Tyes, 160 AD3d 1447, 1447 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; see generally People v Sanders, 25 NY3d 337, 341 [2015]). Defendant's valid waiver of the right to appeal forecloses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]).
All concur except Nemoyer, and Curran, JJ., who concur in the result in the following memorandum: Although we concur in the result reached by the majority, we do so on different grounds with respect to the mandatory fees and surcharges. Initially, we agree with the majority that defendant executed a valid, general, and unrestricted waiver of his right to appeal. Contrary to defendant's contention, a juvenile offender can waive his or her right to appeal (see e.g. People v Abreu, 71 AD3d 534, 534 [1st Dept 2010], lv denied 15 NY3d 746 [2010]; People v Gaines, 234 AD2d 712, 712 [3d Dept 1996], lv denied 89 NY2d 1011 [1997]), and plea courts have no automatic obligation to explain the nature of the right to appeal in greater detail to such offenders (see generally People v Sanders, 25 NY3d 337, 341 [2015]).
As the majority determines, defendant's valid appeal waiver forecloses his challenge to the severity of his sentence. In the typical case, defendant's valid appeal waiver would also preclude appellate review of his challenge to the legality of the fees and surcharges (see People v Wilson, 168 AD3d 889, 890 [2d Dept 2019]; People v Logan, 125 AD3d 688, 688 [2d Dept 2015]; People v Morales, 119 AD3d 1082, 1084 [3d Dept 2014], lv denied 24 NY3d 1086 [*2][2014]; People v Frazier, 57 AD3d 1460, 1461 [4th Dept 2008], lv denied 12 NY3d 783 [2009]). Nevertheless, by conceding that the fees and surcharges were improperly assessed and by affirmatively asking us to vacate those assessments, the People here have effectively "forfeit[ed] or waive[d]" defendant's appeal waiver on that limited issue (Garza v Idaho, — US &mdash, — , 139 S Ct 738, 745 [2019]; see United States v Story, 439 F3d 226, 231 [5th Cir 2006]). We therefore agree that the fees and surcharges, which are undisputedly illegal in this case (see Penal Law §§ 60.00 [2]; 60.10; People v Stump, 100 AD3d 1457, 1457-1458 [4th Dept 2012]), should be vacated, and we thus join the majority's disposition because it accomplishes that result.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court