NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 89

No. 2019-061

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Lamoille Unit, |
| | Criminal Division |
| | |
| Andrew Stewart Jr. | October Term, 2019 |

Thomas Carlson, J. (motion to withdraw plea); Megan J. Shafritz, J. (sentencing)

David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Allison N. Fulcher of Martin & Delaney Law Group, Barre, for Defendant-Appellant.

PRESENT: Reiber, C.J., Robinson and Eaton, JJ., and Skoglund, J. (Ret.) and
     Howard, Supr. J. (Ret.), Specially Assigned

¶ 1. **REIBER, C.J.** Defendant appeals the trial court's denial of defendant's motion to withdraw a guilty plea. We reverse and remand.

¶ 2. Defendant pleaded guilty to assault and robbery with a deadly weapon based on allegations that during the evening of February 11, 2017, defendant held a gun to the complainant's head in the parking lot of a restaurant, demanded her money, and took her bag, wallet, and phone. The State also alleged that defendant subsequently used the complainant's credit card to make

purchases.  At the plea colloquy, the prosecutor stated the factual basis for the allegations, and the court questioned defendant as follows:

> THE COURT:  [D]oes that sound like what happened?
>
> DEFENDANT:  Honestly, sir, I was drinking a lot.  And I remember bits and pieces of the night.  But I'm not denying what I did; I'm not saying I didn't do it. . . .  I'm not blaming alcohol for it, either.
>
> . . . .
>
> THE COURT:  So did you hold a gun to the [complainant's] head in that encounter?
>
> DEFENDANT:  No, sir.  I don't remember holding a gun to nobody's head.
>
> . . . .
>
> THE COURT:  Do you remember threatening a woman in any way in the parking lot of that [restaurant] and demanding that she hand over her money and her purse?
>
> DEFENDANT:  No, sir, I don't.

Defense counsel then asked for a few minutes to talk with his client.  The court allowed a brief recess, commenting, "I don't know how we're going to backtrack from here."

¶ 3.  When the hearing resumed, defense counsel explained that defendant was intoxicated at the time of the events and therefore was "a little bit fuzzy on all the specific details." He said defendant "admit[ted] that it was him" but was "unclear of . . . the actual . . . order of events" and was "uncomfortable representing to the court the play-by-play like that when he does not have a clear recollection."  Defense counsel suggested, "[M]aybe the court would be better satisfied with a nolo plea here."

2

¶ 4.     The court then resumed questioning defendant.  Defendant said he remembered using the complainant's credit cards and was in possession of a gun and the complainant's purse that evening.  The court then asked:

> THE COURT:  Okay.  And do you remember being in the parking lot of that restaurant on February 11th?
>
> DEFENDANT:  No, sir, I don't.
>
> THE COURT: Okay.  You've heard the prospect of [the complainant] testifying that a man put a gun to her head and demanded her money and her bag.  Do you have any reason to disbelieve her?
>
> DEFENDANT:  No, sir, I don't.
>
> THE COURT:  All right.  And do you have any reason to disbelieve that it was you that night?
>
> DEFENDANT:  No, sir.
>
> THE COURT: So you're just not remembering things clearly because you were intoxicated?
>
> DEFENDANT:  Yes, sir.  That's correct.

Defendant also stated, "I'm not denying I robbed anyone, sir.  In my heart I know I robbed somebody. . . .  Do I remember putting a gun to her head and telling her to give me money?  No, sir, I do not.  I don't remember the incident."  He said that he had had sufficient time to discuss the plea agreement with his attorney and had no concerns with his attorney's work for him.

¶ 5.     The trial court acknowledged it was "struggling somewhat with the defendant's acknowledgement of the factual basis here."  But the court accepted defendant's plea because defendant "repeatedly asserted" the following: the plea was voluntary; he had committed the crime and could not remember the incident only because he was intoxicated at the time; and he did not contest the State's evidence.

3

¶ 6. Two days later, defendant filed a motion to withdraw his plea and a motion for his counsel to withdraw representation. Defendant stated that he entered the guilty plea only on his attorney's advice, there was an "irreconcilable breakdown in communication" between defendant and his attorney, and defendant did not believe that his attorney "ha[d] his best interests in mind." The court permitted defendant's attorney to withdraw and appointed a new attorney. In a renewed motion to withdraw the guilty plea following counsel's replacement, defendant further explained that his prior attorney had never asked defendant about what facts he knew, including that defendant did not remember the incident. The court denied the motion to withdraw the plea following a hearing, reasoning that defendant had failed to present any fair and just reason to withdraw his plea. Defendant was later sentenced to serve four to ten years in prison.

¶ 7. Defendant now appeals, arguing that the trial court abused its discretion when it denied his motion to withdraw his plea. We agree. Defendant also challenges his sentence, but because we reverse the denial of the withdrawal of plea, we do not reach the sentencing challenge.

¶ 8. Two primary considerations in deciding whether to grant a motion to withdraw prior to sentencing are defendant's reason for withdrawal and whether the State will suffer prejudice as a result. V.R.Cr.P. 32(d) (directing that if defendant moves to withdraw a guilty plea "before sentence is imposed," then "the court may permit withdrawal of the plea if the defendant shows any fair and just reason and that reason substantially outweighs any prejudice which would result to the state from the withdrawal of the plea"). "A motion [to withdraw a plea] made before sentencing is to be liberally granted 'where the reason is fair and just and the prosecution has not relied on the plea to its substantial prejudice.' " State v. Dove, 163 Vt. 429, 431, 658 A.2d 936, 938 (1995) (quoting Reporter's Notes, V.R.Cr.P 32); see also Reporter's Notes, V.R.Cr.P. 32 (explaining rule is consistent with prior Vermont practice and that federal courts, applying

4

substantially similar federal rule, grant motions to withdraw prior to sentencing "with great liberality"). "Implicit in the rule is a balancing between important State interests in expediting criminal proceedings and the harm suffered by the defendant in foregoing a trial on the merits." State v. Hamlin, 143 Vt. 477, 480, 468 A.2d 557, 559 (1983). We review the denial of a motion to withdraw a plea for abuse of discretion. State v. Merchant, 173 Vt. 249, 256, 790 A.2d 386, 392 (2001).

¶ 9. Here the trial court acknowledged during the plea colloquy that there were significant concerns regarding the factual basis for the plea. Defendant insisted that he did not remember holding a gun to the complainant's head or being in the restaurant parking lot that night, leading the trial court initially to question whether the parties could proceed with the plea and later to acknowledge that it was "struggling" with the factual basis. Then, only two days after the court accepted the plea, defendant requested withdrawal and claimed he and his attorney failed to communicate about his lack of memory. If there had been no concerns raised in the plea colloquy,[*] or if defendant's motion had come later in the proceedings, then a denial may have been appropriate. But here, where the trial court acknowledged concerns about the factual basis, and defendant requested withdrawal so soon after he pleaded guilty, denial of the motion to withdraw was contrary to our long-standing practice to grant such withdrawals "with great liberality." Reporter's Notes, V.R.Cr.P. 32; see also In re Newton, 125 Vt. 453, 457, 218 A.2d 394, 398 (1966) ("When an application is made to change the plea, all doubts should be resolved in favor of a trial

---

[*] We express no opinion on the adequacy of the plea colloquy itself. Rather, we note the trial court's concern in that regard as a factor mitigating in favor of allowing defendant to withdraw his plea.

on the merits."). Based on these facts, and given our liberal standard for granting a withdrawal of plea, we conclude that the trial court abused its discretion in denying defendant's motion.

Reversed and remanded.

FOR THE COURT:

_____

Chief Justice