■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MANUEL FERNANDEZ, Appellant.— Judgment, Supreme Court, New York County, rendered on December 21, 1972, convicting defendant, on a plea of guilty, of attempted possession of a dangerous weapon as a felony, and sentencing defendant to an indeterminate term of imprisonment not to exceed three years, unanimously reversed and vacated, on the law, and the matter remanded to the Supreme Court, New York County, for proceedings not inconsistent with this decision. Defendant was charged in the indictment with felonious possession of a pistol. He pleaded not guilty. Subsequently, through counsel, defendant offered to plead guilty to attempted possession of a dangerous weapon as a felony *on condition* that if the court could not in good conscience impose a sentence of one year imprisonment as recommended by the prosecutor, then defendant would be allowed the opportunity to withdraw his guilty plea. The court accepted defendant's proposed plea bargain upon consent of the People. At sentencing, the prosecutor renewed his sentence recommendation, and defense counsel declared that to his knowledge defendant had no prior criminal involvement. The court informed all parties that defendant had a prior criminal record and was at that time serving a nine-month sentence. Defendant conceded these facts. The court, although reminded of its promise to either impose a sentence not in excess of one year or to allow defendant to withdraw his plea, sentenced defendant to an indeterminate term of imprisonment not to exceed three years to run concurrently with the sentence he was already serving. Defendant on appeal contends that he is entitled to a one-year sentence, whereas the People argue that upon reversal of the judgment of conviction, defendant should be afforded the opportunity to withdraw his plea of guilty. It has been aptly stated that " there is, of course, no absolute right to have a guilty plea accepted " and " when a plea rests in any significant degree on a promise or agreement * * *. so that it can be said to be part of the inducement or consideration, such promise must be fulfilled " (*Santobello* v. *New York,* 404 U. S. 257, 262). Accordingly, the matter is remanded for further proceedings. The defendant at his option may withdraw the plea of guilty. If he does not elect to withdraw the plea the sentence as imposed will stand. If he does so elect, the plea of not guilty is reinstated and the case should proceed to trial. Should defendant be convicted after trial or should he again elect to plead guilty, the court should pronounce sentence without regard to the terms of the original agreement as to sentence. Concur — Markewich, J. P., Kupferman, Lupiano, Steuer and Capozzoli, JJ.