■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW POWELL, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered March 24, 1983, convicting him of grand larceny in the third degree, upon a plea of guilty, and sentencing him, as a second felony offender, to an indeterminate prison term of 1½ to 3 years.

Judgment modified, on the law, by vacating the sentence. As so modified, judgment affirmed and matter remitted to the County Court, Rockland County, for further proceedings consistent herewith.

Defendant pleaded guilty to grand larceny in the third degree in reliance upon the court's firm promise of a sentence of "up to 90 days and 5 years probation". The court made that promise based upon an incomplete criminal bureau of identification record sheet. When defendant's presentence report indicated a prior felony conviction for attempted burglary in the third degree, and the People filed a prior felony conviction statement, the court sentenced defendant as a second felony offender to the minimum mandatory prison term of one and one-half to three years. Defendant's motion to withdraw his plea was denied prior to the pronouncement of this sentence.

When a plea is induced by a firm promise which, due to circumstance or law cannot be fulfilled, the defendant must be given the option of withdrawing his plea (*Santobello v New York,* 404 US 257; *People v Frederick,* 45 NY2d 520; *People v Selikoff,* 35 NY2d 227, cert den 419 US 1122). The People's contention that defendant willfully concealed his prior felony conviction in order to subvert the system and obtain preferential treatment is not supported by the record (see *People v Rogers,* 81 AD2d 731, affd 56 NY2d 552; *People v Fernandez,* 45 AD2d 953).

On remittitur, defendant is to have the option of accepting the court's sentence or withdrawing his plea, thereby reinstating both counts of the indictment as well as the two unrelated

charges covered by his prior plea. Mangano, J. P., Gibbons, O'Connor and Lawrence, JJ., concur.