■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILBERT FLOYD, Respondent.—Judgment of the Supreme Court, New York County (James Leff, J.), which convicted defendant of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), and sentenced him to three concurrent indeterminate terms of imprisonment of 2½

to 7½ years, unanimously modified, on the law, to vacate the sentence and remand the matter for resentencing as a second felony offender, and otherwise affirmed.

On October 7, 1988, near the corner of Bowery and East 1st Street in Manhattan, defendant was observed by undercover detective Grace Prince handing a brown paper bag to one of his companions, McAllen Mathurin, who then sold crack under defendant's instructions to unapprehended passersby. Detective Prince heard defendant yell "blue tops" and shout "do them" to Mathurin, as defendant, Mathurin and a third companion, Anthony Frazier, walked down East 1st Street. When defendant and his companions approached Prince, she asked for "two", and Mathurin promptly gave her two blue-topped vials of crack from a brown paper bag in exchange for $10 in prerecorded buy money. Prince remained in the area and observed defendant and his companions continue to sell additional vials of crack until defendant told them that that was "enough". Moments later, after being radioed by Prince, a backup team of officers arrested defendant and his companions. The arresting officers recovered eight blue-capped vials of crack, the prerecorded buy money and additional cash from Mathurin. 58 blue-topped vials of crack were found in Frazier's sneakers.

On this appeal, defendant contends that he had no actual or constructive possession of the 58 vials found in Frazier's shoes, asserting his lack of dominion or control over them. Defendant cites cases which stand for the proposition that a defendant's "mere presence" in the company of one upon whose person narcotics are found does not establish dominion and control (People v Headley, 74 NY2d 858; People v Royster, 156 AD2d 735). The rule, however, is not applicable to the facts at bar which establish considerably more than the "mere presence" of defendant in the vicinity of the contraband.

Defendant was clearly in charge of the drug-selling operation. Defendant told Mathurin and Frazier what merchandise to sell, when to start selling it and when to stop. It was defendant who handed a brown paper bag to Mathurin before he instructed him to begin selling, and the vials of crack that Detective Prince purchased came from a brown paper bag. As supervisor of the drug selling operation, defendant clearly had an interest in the drugs in Frazier's sneakers. The vials were within defendant's immediate reach and control and available for his unlawful use (People v Lynch, 116 AD2d 56, 61; People v Lemmons, 40 NY2d 505). That the vials were found in Frazier's shoes does not prevent defendant or Mathurin from

possessing them because it is well established that possession of contraband can be joint *(People v Tirado,* 38 NY2d 955). Furthermore, all of the vials—including the two sold to Detective Prince, the 8 recovered from Mathurin and the 58 recovered from Frazier—were all packaged in the same manner and all had blue caps. It is a reasonable inference that all of the vials came from the same batch and that the 58 vials were the balance of the vials remaining to be sold under defendant's direction.

The People appeal the Trial Justice's ruling that defendant was not a second felony offender. Defendant maintained, and the trial court agreed, that defendant's first felony conviction in June of 1988 was invalid for two reasons. First, that defendant should have been informed of the opportunity to withdraw his plea if the court was unable to fulfill its promise with regard to his sentence. Second, that defendant's indictment in the first felony case was improperly waived because the indictment had already been voted by the Grand Jury. Therefore, the Supreme Court found that the first felony conviction was invalid and, thus, did not constitute a predicate felony.

The trial court erred in permitting defendant to be sentenced as a first felony offender. In the first felony proceeding, defendant signed a waiver of indictment after the Grand Jury had voted the indictment, but before the indictment had been filed. Defendant contends that an indictment cannot be waived after the Grand Jury has voted it. This contention is incorrect and in clear contradiction to the applicable statute. CPL 195.10 (2) (b) specifically permits the waiver of an indictment at any time prior to filing. Thus, since defendant waived his indictment prior to filing, the waiver was both proper and timely *(People v Boston,* 75 NY2d 585).

Defendant also contends that his plea of guilty was invalid because the court was incapable of fulfilling its promise under the plea bargain and defendant should therefore have been given the opportunity to withdraw the plea. Defendant maintains that his plea of guilty was in exchange for youthful offender treatment and that, since he was ineligible for such treatment due to his age, the court could not fulfill the bargain.

The record reveals the circumstances of the plea negotiation to be somewhat more involved. Defendant pleaded guilty in the first felony proceeding in exchange for the promise of a sentence of five years' probation. It was not until after this

plea bargain had been made that defendant's attorney told the Judge that defendant was 17 years old. Thereupon, the court told defendant's attorney that she would accord him youthful offender treatment. Defendant now claims that, since he was in fact 19 and not 17 at the time and, thus, ineligible for youthful offender treatment, the court could not fulfill its promise, and defendant should therefore have been given the opportunity to withdraw his plea. What defendant has chosen to overlook, however, is that youthful offender status was never a part of the plea arrangement, but a mere afterthought. Since the plea agreement did not include a promise of youthful offender treatment, whether or not defendant was indeed eligible for such status is irrelevant to the fulfillment of the plea arrangement. Furthermore, it must be assumed that defendant knows his own age and knew, at the time of the first felony proceeding, that his age was being misrepresented to the court (see, People v Mason, 67 AD2d 747, affd 48 NY2d 896). Defendant will not be permitted to benefit from the fraud that he permitted to be perpetrated on the court (People v Da Forno, 73 AD2d 893, affd 53 NY2d 1006 [where defendant, aware of his previous felony conviction, purposely withheld it from court]). Therefore, the objections defendant raises to his first felony conviction are insufficient, his conviction was entirely valid and defendant should have been adjudicated a second felony offender in the instant case. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.