■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN IRVING JONES, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Rosato, J.), both rendered August 1, 1988, convicting him of attempted criminal sale of a controlled substance in the third degree under Indictment No. 87-01779, and attempted criminal possession of a controlled substance in the fourth degree under Superior Court Information No. 88-00113, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The sole issue raised on this appeal is whether the court properly denied the defendant's motion to withdraw his pleas of guilty. Those pleas were knowingly and voluntarily made after the court had fully apprised him of the consequences *(see, People v Harris,* 61 NY2d 9).

We find no support for the defendant's contention that the prosecution reneged on a promise to recommend an even lighter term of imprisonment at sentencing than the favorable one promised him at the time of the plea agreement. The "promise" upon which the defendant relies was not an unconditional commitment. It was contingent upon the defendant's continuing cooperation with law enforcement authorities and his remaining free of any further criminal activity. In view of his rearrest prior to sentencing and the contentions of an Assistant District Attorney, made on the record, that the defendant's cooperation had ceased, the court had no reason to believe that the People's decision not to recommend a lesser term of imprisonment was improperly motivated. Indeed, at the plea agreements the court itself had not made a flat promise to accept whatever the People recommended, but had agreed only to consider a sentence more favorable than that

agreed to at the time of the plea agreement if the People recommended a more favorable sentence. Under these circumstances it cannot be said that the defendant's pleas were induced by a firm promise which was breached *(cf., Santobello v New York,* 404 US 257; *People v Powell,* 105 AD2d 761). Therefore, the court did not improvidently exercise its discretion in denying, without a hearing, the defendant's application to withdraw the pleas of guilty *(see,* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520, 526; *People v Pettway,* 140 AD2d 721; *People v Kafka,* 128 AD2d 895). Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.