■ In the Matter of LEVAR M., a Person Alleged to be a

**Juvenile Delinquent, Appellant.** [614 NYS2d 530] —Order of disposition, Family Court, New York County (Sheldon M. Rand, J.), entered June 17, 1993, which adjudicated appellant a juvenile delinquent following a fact-finding determination that he committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second and third degrees, menacing in the second degree, and resisting arrest, and which placed him with the Division for Youth for a period of 18 months, unanimously modified, on the law, to the extent of dismissing so much of the petition as charged criminal possession of a weapon and reducing the placement to 12 months, and otherwise affirmed, without costs.

The ballistics report does not indicate that the tests were performed by the same person who signed it. Thus, those portions of the petition charging appellant with criminal possession of a weapon must be dismissed (Family Ct Act § 315.1 [1] [a]; [2]; *Matter of Rodney J.,* 83 NY2d 503). In addition, as respondent concedes, the ballistics report failed to establish that the ammunition in the gun was live, a necessary element for a charge of criminal possession of a weapon *(People v Shaffer,* 66 NY2d 663).

We reject appellant's contention that he was deprived of his right to testify because the court denied his motion to preclude the presentment agency from cross-examining him in respect to his guilty plea on the weapons possession charges. This plea was entered in Supreme Court prior to the fact-finding hearing, but the criminal proceeding was subsequently dismissed when it was learned the appellant was under 16 when arrested and when the plea was entered. Appellant lied about his age, and should not be permitted to benefit from that lie by immunizing testimony in his own defense from impeachment by virtue of his prior admission *(see People v Da Forno,* 73 AD2d 893, *affd* 53 NY2d 1006; *cf., People v Camacho,* 102 AD2d 728). "[I]t must be assumed that [appellant] knows his own age and knew, at the time of the [arrest and plea] proceeding, that his age was being misrepresented to the court." *(People v Floyd,* 177 AD2d 310, 313, *lv denied* 79 NY2d 947.)* While appellant was only 15 years of age at the time of his arrest, he was nevertheless well acquainted with the justice system, having previously been adjudicated a juvenile delinquent for actions which would have constituted grand larceny in the third degree and as a youthful offender for acts which could have constituted robbery in the first degree.

We find no merit to appellant's claims that the court failed to make a *Sandoval* ruling prior to the fact-finding hearing as to whether he could be cross-examined concerning his previous adjudications. While abbreviated, the court made a ruling, which even appellant's attorney characterized as a determination. Nor, in light of appellant's history can it be said that the court denied the motion without making the proper analysis.

Since the remaining acts alleged would constitute misdemeanors, the placement must be reduced to 12 months (Family Ct Act § 353.3 [5]). Concur—Rosenberger, J. P., Ellerin, Rubin, Nardelli and Williams, JJ.