*481 OPINION OF THE COURT
Norman J. Felig, J.
Defendant’s oral motion to withdraw his plea of guilty to attempted criminal sale of a controlled substance in the third degree, predicated upon the court’s inability to fulfill its record promise to sentence the defendant to a maximum term of incarceration of one to three years, is denied.
Indicted on charges of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, defendant entered a knowing and voluntary plea of guilty to attempted criminal possession of a controlled substance in the third degree before this court on July 11, 1994, in exchange for, inter alla, the court’s representation that the maximum sentence to be imposed would not exceed a "cap” of one to three years. The foregoing, however, was predicated upon the express understanding, as stated on the record by the court, that "this is [the defendant’s] first brush with the law”, an understanding which was itself premised upon the People’s representation during the defendant’s arraignment on June 27, 1994, that "This is the defendant’s first contact with the criminal justice system, according to his rap sheet. A prior indication is that there was an April 23, 1994 arrest, but that came back as no controlled substance.
So this is essentially the defendant’s first contact and arrest with the criminal justice system. ” (Emphasis supplied.)
Although physically present on both occasions, neither the defendant nor his attorney acted to correct this evident misinformation, as it appears from the defendant’s NYSID report and the outline of the defendant’s legal history as summarized in the presentence investigation report prepared by the New York City Department of Probation. The defendant has an extensive criminal record, dating back to 1982 in the State of Colorado, which includes at least three prior felony convictions: (1) a 1984 Colorado conviction for assault in the second degree upon which he was sentenced to six years’ incarceration; (2) a 1988 or 1989 New York State conviction for attempted criminal sale of a controlled substance in the third degree, upon which he was sentenced (as a second felony offender) to an indeterminate term of imprisonment of two to four years; and (3) a 1991 New York State conviction for criminal sale of a controlled substance in the fourth degree, *482 upon which he was (again) sentenced (as a second felony offender) to an indeterminate term of imprisonment of three to six years. Accordingly, it would appear that this defendant is, in reality, both a predicate felon (Penal Law § 70.06) and a discretionary persistent felony offender (Penal Law § 70.10).
In People v Da Forno (73 AD2d 893, 895, affd 53 NY2d 1006), the First Department held that a defendant should not be allowed to benefit from a fraud which he has permitted to be perpetrated on the court by withholding "vital information” regarding a prior felony conviction, by affirming the denial, after a hearing, of said defendant’s presentence motion to withdraw his guilty plea when the prior felony conviction was discovered, and permitting him to be sentenced as a second felony offender (CPL 220.60 [3]; see, People v Floyd, 177 AD2d 310, 313). Notably, the Court of Appeals affirmed "for the reasons stated in the memorandum of that court” (53 NY2d, at 1008).
In similar circumstances, the Second Department has frequently held that a defendant must be permitted to withdraw his guilty plea when the sentencing commitment upon which it is based cannot be honored due, e.g., to the subsequent discovery of a predicate felony conviction (see, e.g., People v Sanders, 146 AD2d 653, and cases cited therein), although in People v Powell (105 AD2d 761), the foregoing result was specifically predicated upon the court’s observation that "[t]he People’s contention that defendant [had] willfully concealed his prior felony conviction in order to subvert the system and obtain preferential treatment [wa]s not supported by the record” (People v Powell, supra, at 761 [emphasis supplied]). There, as here, the court’s promise regarding the prospective sentence was apparently predicated on incomplete information contained in a prepleading "rap” sheet, but, critically, there is no indication in Powell that the sentencing court conducted a presentence hearing regarding, e.g., the state of the defendant’s knowledge at the time that these misrepresentations regarding his prior record were made and relied upon in fashioning an appropriate disposition (cf., People v Da Forno, supra, at 895).
In this case, however, the court has conducted just such a hearing, and based, inter alla, upon the record thereof, finds, as a fact, that the 30-year-old defendant presently before this court was well aware of the nature and extent of his prior criminal record, and evidence of this fact may be found in, *483 e.g., his admissions before this court on August 30, 1994 and his intentional use of at least five aliases and two different NYSID numbers during the acquisition of his eight or more prior convictions (including three felonies), in an apparent effort to avoid detection, apprehension and punishment. Moreover, in view of the indisputable documentary evidence that the defendant has been sentenced twice as a second felony offender in New York State within the last six years, this court rejects as incredible any suggestion that the defendant may have been unaware of his predicate felony offender status at the time that he entered the instant plea, a suggestion which is, in any event, untenable in view of the defendant’s contrary statements in open court on August 30, 1994.
Finally, when advised by this court at the time that he pleaded guilty that the court had agreed to impose a maximum sentence of only one to three years upon his "C” felony conviction "in view of the fact that this is your first brush with the law * * * Do you understand?” (emphasis supplied), this court can only regard defendant’s unqualified affirmative response as an intentionally misleading, "willful[ ] concealment [of] his prior felony conviction[s] in order to subvert the system and obtain preferential treatment” (People v Powell, supra, at 761; see, People v Floyd, supra, at 313). Defendant effectively conceded his knowledge of the fact that this statement was false during his appearance before this court on August 30, 1994, and insofar as he has attempted to argue, through his attorney, that the error regarding his prior record remained uncorrected only because he was never specifically interrogated regarding the same, this court finds his argument unavailing. In this regard, the court would note that when asked by his attorney, under oath, whether he "understood, at the time, that the offer [of one to three years] was being made to you because you had no previous convictions?”, the defendant answered unequivocally, "Yes, from what they said, yes”.
As was true of the defendant in People v Da Forno (73 AD2d, supra, at 895), "[This defendant * * * was cognizant of his predicate felon status. He- withheld, by design, this vital information thereby misleading all parties * * * [Moreover,] defendant [was afforded] an * * * opportunity to present his claims. This hearing accomplished its avowed purpose [i.e.,] to 'squelch the faker and protect the truly misguided’ (People v Nixon, 21 NY2d 338, 355). Nor can it be said that [the] defendant’s plea was baseless or improvident. [A] defendant *484 [as here], sophisticated in the criminal process, who has unilaterally misled the court, should not be permitted to now alter the result (People v Selikoff, 35 NY2d 227).”
For all of the foregoing reasons, defendant’s motion to withdraw his plea of guilty is denied (CPL 220.60 [3]).