*324 OPINION OF THE COURT
Peter J. Benitez, J.
Defendant was originally charged in a felony complaint with criminal possession of a controlled substance in the first degree (Penal Law §220.21), a class A-l felony, in a felony complaint which alleged that he possessed a mixture of cocaine and other substances having an aggregate weight in excess of four ounces. After plea discussions between the Special Narcotics Prosecutor and defense counsel the People agreed to dismiss the charge of Penal Law § 220.21 and add a charge of criminal possession of a controlled substance in the third degree (Penal Law § 221.16 [12]), a class B felony. Defendant then waived prosecution by indictment, agreed to be charged with that B felony in a superior court information and, in Part N on February 25, 1994, pleaded guilty to criminal possession of a controlled substance in the third degree with a promise that he would receive an indeterminate sentence with a maximum not to exceed 3 years and a minimum of 1 year.
Thereafter, prior to sentencing, defendant moved to withdraw his plea of guilty. Defendant’s first such motion alleged that the People had failed to disclose potentially exculpatory material prior to defendant’s plea of guilty. Defendant’s counsel asserted that had the material been disclosed counsel would have recommended against the plea and defendant would have rejected the plea. This court denied that motion. (People v Benard, 163 Misc 2d 176.)
Thereafter, the court advised the parties of assertions in the presentence report that defendant had two previous convictions in New Jersey. The People determined that defendant was a second felony offender based on those convictions, but sought not to file a predicate felony statement as required by CPL 400.21 (2), asserting that they were satisfied with the negotiated non-predicate felony sentence of 1 to 3 years. Defendant, seeing a further opportunity to withdraw his plea, did not dispute that he was a second felony offender, asserted that the People must file a predicate felony statement, and argued that, as the promised sentence could no longer be imposed, defendant must be allowed to withdraw his plea. This court orally ruled that the People must file the predicate felony statement. (See, People v Scarbrough, 66 NY2d 673 [1985].) Defendant now moves to withdraw his plea in that the promised sentence of 1 to 3 years cannot be imposed on a *325 conviction for a class B felony for a person previously convicted of a felony. (See, Penal Law § 70.06 [2], [3] [b]; [4] [b].)
The People assert that while the court can no longer impose the promised sentence of 1 to 3 years, defendant is not entitled to withdraw his plea, but rather must be sentenced on that plea to a B felony as a second felony offender to at least a 4 Vi to 9 years’ indeterminate sentence. The People assert that defendant secured his originally promised sentence which would now be illegal by misrepresentation and deceit, the failure to disclose his New Jersey convictions. Furthermore, the People assert that to allow defendant to withdraw his plea would give defendant an unwarranted advantage in that the arresting officer who recovered the drugs and who was the subject of defendant’s earlier Brady is deceased, having killed himself, and the People can no longer prosecute the case.
In support of the argument that defendant secured the promised sentence by deceit and misrepresentation, the People have submitted the minutes of defendant’s Criminal Court arraignment where the attorney then representing him asserted, in support of his request for defendant’s release in his own recognizance, that defendant had only one prior arrest. The People argue that this was a reference to the only other arrest shown on defendant’s criminal record history then possessed by court, a New York arrest that did not result in a felony conviction. When defendant appeared in Part N and pleaded guilty, there was no discussion of defendant’s criminal history. Rather, the plea to a class B felony with the imposition of the mandatory minimum sentence of 1 to 3 years had been negotiated by defendant’s attorney and the Assistant District Attorney and was accepted by this court when that agreement was presented to it. While the court believed that the proposed sentence was a lawful one based on the criminal record history on file, this court did not make further inquiry of the parties about defendant’s criminal record when accepting the negotiated plea agreement.
It has long been the law in New York that "any sentence 'promise’ at the time of the plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources.” (People v Selikoff, 35 NY2d 227, 238 [1974].) In People v Selikoff, the trial court, in accepting defendant’s plea, did not tell the defendant that he could withdraw his plea if the court were unable to impose the promised nonjail sentence. However, the *326 Court of Appeals stated that the sentencing court properly offered him an opportunity to withdraw his plea as he was "entitled” to such as "the foundation for the plea [assertions about defendant’s limited role in the criminal enterprise which would have warranted a non-jail sentence], regardless of fault, had proven to be without substance.” (People v Selikoff, supra, at 238-239 [emphasis added].) Accordingly, having rejected the opportunity to withdraw his plea, defendant was denied specific enforcement of the promised sentence.
However, where a defendant is told that the proposed sentence is not a firm promise, but rather, that a different sentence may be imposed should information in the presentence report or from other sources warrant the imposition of a different sentence, the court need not offer the defendant an opportunity to withdraw the plea before imposing a sentence different than that indicated at the time of the plea. (People v Campbell, decided with People v Selikoff, 35 NY2d 227, supra; People v Jackson, 60 NY2d 848 [1983]; People v Da Forno, 73 AD2d 893 [1st Dept 1980]; People v Atkinson, 127 AD2d 841 [2d Dept 1987].)
It has been suggested that where no explicit provision is made in the plea for the defendant to withdraw the plea should the court not be able to impose the proposed sentence, but nor is there any explicit statement that the court is free to impose any sentence warranted by the case, that a defendant may be denied an opportunity to withdraw the plea should the court be unable or unwilling to impose the sentence proposed during the plea if the defendant secured the "promised” sentence by fraud, misrepresentation or deceit. (See, People v Simpson, 162 Misc 2d 480 [Sup Ct, Richmond County 1994].) In that case the court promised a sentence that would not exceed 1 to 3 years. However, the court made this promise based on the belief, stated on the record, that this was the defendant’s first conviction. Defendant’s attorney had made the same representation about defendant’s criminal record history during the defendant’s earlier Criminal Court arraignment. When it was discovered, after the plea and prior to sentencing, that defendant had three predicate felony convictions, the court denied defendant’s motion to withdraw his plea, thereby subjecting defendant to a sentence on his plea to at least 3 to 6 years as a second felony offender. The rationale for the court denying defendant an opportunity to withdraw his plea was that he willfully concealed his prior felony convictions in order to "subvert the system and obtain prefer *327 ential treatment”. (People v Simpson, supra, at 482, citing People v Powell, 105 AD2d 761 [2d Dept 1984].)
The decision of the court in People v Simpson (supra) is not supported by the decisions of New York appellate courts. In People v Powell (supra), the facts were strikingly similar to those in People v Simpson. Yet, the Appellate Division reversed the trial court’s denial of defendant’s motion to withdraw his plea and vacated the predicate felony sentence imposed. The court found that the People’s contention concerning willful concealment was not supported by the record. The same result was reached in People v Rogers (82 AD2d 731 [1st Dept 1981], affd 56 NY2d 552 [1982]). There, defendant was promised a sentence of one year on his felony plea. When pleading, the defendant was told by the Court Clerk that a greater sentence must be imposed if he had been previously convicted of a felony. When it was learned that defendant was a predicate felon, the court imposed a sentence of IV2 to 3 years as required by the predicate felony sentencing statute. The Appellate Division reversed, holding that the court was required to permit the defendant to withdraw his plea. The Court reached this result even though it found that "[i]t would appear most unlikely to the point of incredulity that defendant did not know that he had previously been convicted of a felony or that second felony offenders must receive a sentence greater than may be granted to first felony offenders. It is obvious that defendant was hoping that no one would notice that he had previously been convicted of a felony.” (People v Rogers, supra, at 732.) It is unclear why the Court did not hold defendant to his plea given the clerk’s admonition that a greater sentence would be required were defendant a predicate felon. Perhaps the Court did not feel that this was the equivalent of a statement by the court that it would impose a greater sentence if defendant were a predicate felon.
In People v Barnes (160 AD2d 342 [1st Dept 1990]), the Court upheld the re-sentencing of defendant as a predicate felon after defendant had first been sentenced to probation but later discovered that defendant was a predicate felon. The Court stated that it could not "condone defendant’s deceit, evidenced by the use of aliases to avoid discovery of prior offenses, or the fraud perpetrated by him upon the court, in failing to disclose his true status during plea negotiations and sentencing.” (People v Barnes, supra, at 342.) While this case would appear to contradict the same Court’s decision earlier in People v Rogers (supra), defendant’s brief on appeal, pro *328 vided by defense counsel here, asserts that defendant had been offered an opportunity by the sentencing court to withdraw his plea rather than be sentenced as a predicate felon and that he rejected that option, seeking instead, and on appeal, to have the original sentence of probation stand. The Court’s statement about the effect of defendant’s concealment of his criminal record, therefore, can be read as responding to defendant’s attempt to secure enforcement of the original sentence rather than as authority for the proposition that such concealment and misrepresentation will permit imposition of a different sentence and denial of a motion to withdraw the plea where the court has made no provision in the plea for imposition of a greater sentence should a different criminal record be discovered.
Therefore, the decisions in People v Rogers (supra) and the other cases discussed above suggest that concealment by a defendant of his/her true criminal record will not permit the court to impose a sentence greater than that promised unless there is a clear and unequivocal statement by the court at the time of the plea that discovery that defendant has a different criminal record than that known at the time of the plea will result in the imposition of a different and greater sentence. Perhaps, in a case where the court, in determining as a part of the plea what sentence should be imposed, questions the defendant and/or defendant’s counsel about defendant’s previous criminal record, advises the defendant of the significance of those responses with respect to the sentence to be imposed, and receives what are later determined to be false responses, an argument could be made that such active misrepresentation and deceit bars the defendant from later seeking to withdraw the plea.
In this case, it is true that defendant was present during his Criminal Court arraignment when his attorney sought his release asserting that he had only one prior arrest. Clearly the defendant knew this statement to be incorrect and, therefore, can be said to have known that the court, his attorney and the prosecutor possessed an incomplete criminal record history. However, when he appeared for the plea, no further reference was made by anyone to defendant’s criminal record. Rather, a negotiated plea, where defendant would avoid prosecution for an A-l felony carrying mandatory life imprisonment if convicted and instead would plead guilty to a B felony with a 1- to 3-year mandatory sentence was entered. It cannot be said that defendant knew that a much greater sentence, *329 4 Vi to 9 years, would have to be imposed on a predicate felon convicted of a B felony. Rather, it is more likely that defendant believed that had his previous felony convictions been known, the prosecutor may not have offered the plea to the lesser charge. Nevertheless, no provision was made in the plea for the court to impose a greater sentence if it were discovered that the promised sentence was illegal or could not otherwise be imposed. Accordingly, based on the authorities cited above, defendant must be permitted to withdraw his plea unless the People’s inability to now prosecute the case because of the arresting officer’s death requires a different result.
In People v Selikoff (supra), the Court noted that, in some cases where the court finds itself unable to fulfill the promised sentence and no provision is made for the imposition of a different sentence should the sentencing court believe the promised sentence to be inappropriate the court should nevertheless fulfill the promise rather than allow the defendant to withdraw the plea. (People v Selikoff, supra, at 239-240.) In Selikoff and the case cited therein (People v Esposito, 32 NY2d 921 [1973]) and other cases supporting this proposition, it is clear that the basis for this result is that, if the People or defendant have relied, to their detriment, on the plea and cannot be restored to the status quo by vacating the plea, then, notwithstanding the court’s reservations about imposing the promised sentence, it should nevertheless be imposed. Such is the case where, because of the passage of time since the entry of the plea, the loss of evidence or witnesses since the plea or other factors making it now difficult or impossible for the prosecution to prosecute the case, permitting the defendant to withdraw the plea would give the defendant more than that to which he is entitled. However, this principle requires that the court impose the promised sentence, not a different sentence. (See, People v Esposito, supra; People v Parra, 57 AD2d 964 [2d Dept 1977]; People v Johnson, 48 AD2d 643 [1st Dept 1975].)
In this case, were the court lawfully permitted to do so, the court would impose the promised sentence of 1 to 3 years rather than permit defendant to withdraw his plea, as to permit the plea withdrawal would give him a greater benefit than he negotiated as the prosecution may now no longer be able to prosecute the case. However, the imposition of the promised sentence would be the imposition of a sentence which, as a matter of law, is illegal. There is no provision in the second felony offender sentencing law for the court, under *330 any circumstances, to ignore the mandatory requirement of the statute and impose a non-second felony offender sentence on a person who is a second felony offender. Accordingly, the court cannot fulfill the promise by imposing the sentence negotiated during the plea. See People v Rogers (supra, at 733), where the Court stated that the option of imposing the promised sentence even though the court believed that a greater sentence was required or appropriate did not authorize the imposition of an illegal sentence.
Accordingly, as the legal principles cited above, when applied to the facts of this case, require that the court either impose the promised sentence of 1 to 3 years or permit defendant to withdraw his plea and as the promised sentence cannot be imposed as it is an illegal sentence for a second felony offender, defendant’s motion to withdraw his plea is granted, the superior court information filed as a part of that plea is vacated and the felony complaint containing the original charges including Penal Law §220.21 is restored to the calendar for action by the Grand Jury.