■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROMAN, Appellant. [638 NYS2d 5] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered November 18, 1991, convicting defendant, after jury trial, of manslaughter in the first degree and criminal use of a firearm in the first degree, and sentencing him to concurrent terms of $8^1/_3$ to 25 years and $12^1/_2$ to 25 years, respectively, unanimously affirmed.

The trial court's in limine ruling that it would permit, with a limiting instruction, cross-examination of defendant regarding three prior arrests, without elicitation of the underlying facts, as probative of defendant's false statements made to the Grand Jury, wherein he had volunteered that he had no prior

arrests, was an appropriate exercise of discretion (*see, Matter of Levar M.*, 206 AD2d 310).

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of each and every element of the crimes charged was proven beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932). An independent review of the evidence confirms that the jury accorded appropriate weight to the credible evidence (*People v Bleakley*, 69 NY2d 490). Indeed, the People presented overwhelming evidence of defendant's guilt.

The trial court properly denied defendant's application to admit into evidence a facsimile of a ring allegedly habitually worn by defendant because defendant's offer of proof failed to show that such a ring was connected to the crime, or even had been worn by defendant at the time in question (*see, People v Mirenda*, 23 NY2d 439, 453-454; *see also, People v Capella*, 111 AD2d 179, 180-181) .

The trial court properly denied defendant's request for an interested witness charge regarding one of the eyewitnesses, as no factual basis existed for such charge (*see, People v Alvarado*, 140 AD2d 446, *lv denied* 72 NY2d 915). Defendant did not preserve by appropriate objection his current claim that the court's issuance of an interested witness charge regarding defendant's common-law wife unfairly marshaled the evidence (CPL 470.05). In any event, the trial court's jury instructions that interest or bias might be considered in connection with the testimony of any witness, and that the defendant's common-law wife was an interested witness whose interest in the outcome of the case was merely a factor that might be considered in evaluation of any portion of her testimony, conveyed the appropriate legal principles (*see, People v Agosto*, 73 NY2d 963, 967). Concur—Milonas, J. P., Ellerin, Wallach, Kupferman and Williams, JJ.