■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HUDSON, Appellant. [682 NYS2d 211] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered September 25, 1996, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree with the understanding that he would be released from custody in order to cooperate with the police department in an ongoing investigation. The defendant was to remain free from any further criminal activity and return to court on the scheduled sentencing date. The plea agreement gave the People the discretion to permit the defendant to withdraw the plea and plead guilty to a lesser charge and receive a lesser sentence than the minimum 3 to 6 year sentence for attempted criminal sale of a controlled substance in the third degree. If the defendant did not return to court when he was supposed to or if he committed any other crimes while he was out pending sentence, the People could recommend a sentence of 7½ to 15 years imprisonment. Sentencing was adjourned for approximately six weeks, and when the defendant failed to appear on that date, a bench warrant was issued. The defendant was arrested a couple of weeks later. At sentencing, it was learned that the defendant had also been recently arrested for drug possession and was issued a desk appearance ticket. Also at sentencing, an Assistant District Attorney, after having conversations with certain police personnel and the District Attorney's Homicide Bureau Chief, expressed his dissatisfaction with the defendant's cooperation in the ongoing investigation.

Contrary to the defendant's contention, the court did not err in declining to hold a hearing on the issues of, *inter alia*, the Assistant District Attorney's motivation in refusing to make the requested recommendation of leniency. In view of the defendant's re-arrest prior to sentencing, his failure to return to the court on the scheduled date, and the contentions of the Assistant District Attorney regarding his lack of cooperation, the court had no reason to believe that the decision not to recommend a lesser term of imprisonment was improperly motivated (*see, People v Anonymous,* 219 AD2d 525; *People v Jones,* 184 AD2d 528). O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.