■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. NAVARRO, Appellant. [1 NYS3d 95]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered May 2, 2013, as amended June 11, 2013, convicting defendant, upon his plea of guilty, of attempted assault in the first degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

The court properly permitted defendant to waive indictment after the grand jury had voted a true bill but before the indictment was filed (*see People v Floyd*, 177 AD2d 310, 312 [1st Dept 1991], *lv denied* 79 NY2d 947 [1992]).

The court properly exercised its discretion when, on the basis of the written submissions, it denied defendant's motion to withdraw his plea. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rests largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]). Neither defendant nor his counsel sought to amplify the written submissions, and no hearing was requested. The record establishes the voluntariness of the plea. Although defendant attacked the performance of his original retained counsel, he was represented by new counsel at the time he pleaded guilty, as well as on the plea withdrawal motion, and defendant has not established that the first attorney's alleged deficiencies impaired the voluntariness of the plea. Moreover, there is no reason to believe that the alleged pressure by the first attorney and by defendant's family members was anything more than sound advice to defendant to reduce his sentencing exposure. Concur—Tom, J.P., Saxe, Feinman, Clark and Kapnick, JJ.