People v Padilla (2022 NY Slip Op 01884)





People v Padilla


2022 NY Slip Op 01884


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Ind No. 2356/07 Appeal No. 15532 Case No. 2011-01450 

[*1]The People of the State of New York, Respondent,
v
Gadiel Padilla Also Known as Nery Ortiz, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Shaina Watrous of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Felicia A. Yancey of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered December 22, 2010, as amended January 24, 2018 (Ralph Fabrizio, J.), convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of seven years, with five years postrelease supervision, unanimously modified, on the law, to the extent of reducing the term of postrelease supervision to three years, and otherwise affirmed.
Defendant's waiver of his right to appeal was invalid because the court failed to provide defendant with any explanation of the rights he was waiving (see People v Bradshaw, 18 NY3d 257, 264 [2011]). Nonetheless, the court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, including its evaluation of inconsistencies in testimony (see People v Prochilo, 41 NY2d 759, 761 [1977]). Evidence credited by the court established that the police had reasonable suspicion that defendant was armed, and thus had the authority to frisk him (see People v Diaz, 232 AD2d 289 [1st Dept 1996], lv denied 89 NY2d 944 [1997]).
Defendant misrepresented his citizenship when he answered affirmatively after being sworn under oath at the plea proceeding that he was "Gadiel Padilla" (see People v Brazil, 123 AD3d 466, 467 [1st Dept 2014], lv denied 25 NY3d 1198 [2015]). The fingerprint response summary, the presentence report, and the arrest report for Gadiel Padilla indicated that he was either a U.S. Citizen or was born in Puerto Rico, which would make him a U.S. Citizen. It is presumed that the conviction was lawfully based on these documents(see People v Nazario, 253 AD2d 726 [1st Dept 1998]).It can also be presumed that defendant knew that he was misrepresenting his status to the court by affirmatively acknowledging under oath that he was Gadiel Padilla, and he should not now be allowed to benefit from that fraud on the court(see People v Floyd, 177 AD2d 310, 313 [1st Dept 1991], lv denied 79 NY2d 947 [1992]). 
We perceive no basis for reducing the sentence. However, the People concede that the maximum allowable postrelease supervision on a class D violent felony is three years (Penal Law § 70.45[2][e]). Therefore, the period of supervision is reduced accordingly.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022